IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICHAEL ROBINSON,<br>　　　Plaintiff<br><br>v.<br><br>KEVIN HUTCHINSON, INDIVIDUALLY AND D/B/A UBREAKIFIX BY ASURION; OFFICER RYAN M. WIEGAND, BADGE NUMBER 39, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY; and EAST LAMPETER TOWNSHIP POLICE DEPARTMENT,<br>　　　Defendants | :<br>:<br>:<br>:　CIVIL ACTION NO. 23-4774<br>:<br>:<br>:<br>:<br>:<br>:<br>: |

### MEMORANDUM OPINION

**Schmehl, J.**  /s/ JLS                                                                July 9, 2024

### I.   INTRODUCTION

Before the Court is the motion of Defendants, Officer Ryan M. Wiegand and East Lampeter Township Police Department ("Officer Wiegand" and "East Lampeter"), and the motion of Defendant Kevin Hutchinson ("Hutchinson") to dismiss the Complaint filed by Plaintiff, Michael Robinson ("Plaintiff" or "Robinson"). Robinson filed a Complaint seeking damages arising from alleged deceptive trade practices, fraudulent misrepresentation, and related claims. Based upon the parties' submissions, Defendants' motions will be granted in part and Plaintiff's claims of defamation and malicious prosecution and his claim against East Lampeter will be dismissed with prejudice.

### II.   BACKGROUND

Plaintiff was involved in an ongoing dispute with Hutchinson, owner of uBreakiFix by Asurion, which arose from an incident where Plaintiff took his personal laptop and phone to be fixed at uBreakiFix but it came back destroyed even further. Plaintiff's lawsuit against

1

Hutchinson culminated in Plaintiff's loss, but he "felt he did not receive a fair hearing[,] prompting him to initiate an appeal." Complaint at ¶ 18. Officer Wiegand accused Plaintiff of "engaging in harassment" and gave him a citation when he "mailed appeal paperwork or pasted Civil Lawsuit Paperwork on door of the defendant [Hutchinson], which lacked a case or docket number." *Id.* at ¶ 13. Plaintiff "served" Hutchinson with the Complaint purportedly filed against him with fees paid before a Dauphin County District Magistrate Judge, but it never was–it was filed before a different judge in a different county. Plaintiff denies mailing the Complaint but does not deny pasting the paperwork lacking a case or docket number. *Id.* However, he states that his conduct "did not qualify as harassment under Pennsylvania law." *Id.* at ¶ 15.

From these facts, Plaintiff alleges defamation and malicious prosecution as well as violations of his constitutional rights. Plaintiff alleges Officer Wiegand engaged in defamation and malicious prosecution when he falsely accused Plaintiff of engaging in harassment by mailing appeal paperwork that did not have a case or docket number. *See* Count I, ¶ 3; Count II at ¶ 10. Plaintiff also alleges that his First and Fourteenth Amendment rights to free speech and due process respectively were violated due to "baseless criminal accusation" and being "falsely accused." *See* Count III at ¶ 17. Additionally, Plaintiff alleges a violation of his equal protection rights because Officer Wiegand "treated Plaintiff differently than others who were similarly situated." *See* Count IV at ¶ 23. Finally, Plaintiff alleges a claim against the East Lampeter Township Police Department for Officer Wiegand's "misuse of color of law." *See* Count V at ¶ 32. Plaintiff seeks compensatory and punitive damages as well as other similar forms of relief. Plaintiff commenced this action by filing a Complaint with the Court of Common Pleas of Lancaster County, and it was properly removed to this Court.

## III. LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) governs the Court's motion to dismiss analysis. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim of relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim satisfies the plausibility standard when the facts alleged "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Burtch v. Millberg Factors, Inc.*, 662 F.3d 212, 220-21 (3d Cir. 2011) (*citing Iqbal,* 556 U.S. at 678). While the plausibility standard is not "akin to a 'probability requirement,'" there nevertheless must be more than a "sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (*citing Twombly*, 550 U.S. at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (*quoting Twombly*, 550 U.S. at 557).

The Court of Appeals requires us to apply a three-step analysis to a 12(b)(6) motion: (1) "[i]t must 'tak[e] note of the elements [the] plaintiff must plead to state a claim;'" (2) "it should identify allegations that, 'because they are no more than conclusions, are not entitled to the assumption of truth;'" and, (3) "[w]hen there are well-pleaded factual allegations, [the] court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief." *Connelly v. Lane Construction Corp.*, 809 F.3d 780, 787 (3d Cir. 2016) (*quoting Iqbal*, 556 U.S. at 675, 679). *See Burtch*, 662 F.3d at 221; *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011); *Santiago v. Warminster Township*, 629 F.3d 121, 130 (3d Cir. 2010).

**IV.   DISCUSSION**

Defendants' motions seek dismissal of Plaintiff's Complaint for failure to state a claim upon which relief can be granted on all six of his claims: (1) defamation, (2) malicious prosecution, (3) free speech, (4) due process, (5) equal protection, and (6) against the East Lampeter Township Police Department. In his brief in opposition to Defendants' motions to dismiss, which he styled as a "Legal Opinion," Plaintiff does not adequately defend his claims but rather concedes on points relevant to his claims. Together, both motions demonstrate that each of Plaintiff's claims must be either dismissed with prejudice or dismissed with leave to amend. For the reasons discussed more fully below, I find that no cause of action exists for defamation or malicious prosecution, and that no cause of action exists against the East Lampeter Township Police Department. Accordingly, I will grant Defendants' motions in part and dismiss those claims with prejudice. The remainder of his claims will be dismissed but Plaintiff will be granted leave to amend.

**A.   Defamation**

Count I of Plaintiff's Complaint asserts a claim of defamation. Under Pennsylvania law, in a defamation action, the burden is on Plaintiff to prove:

> (1) The defamatory character of the communication.
> (2) Its publication by the defendant.
> (3) Its application to the plaintiff.
> (4) The understanding by the recipient of its defamatory meaning.
> (5) The understanding by the recipient of it as intended to be applied to the plaintiff.
> (6) Special harm resulting to the plaintiff from its publication.

42 Pa. Stat. and Cons. Stat. Ann. § 8343 (West). The crux of a defamation claim, conceded by Plaintiff, is falsity, whereas Defendants can raise truth as a defense to a defamation claim. *See id.; see also Am. Future Sys., Inc. v. Better Bus. Bureau of E. Pennsylvania*, 592 Pa. 66, 77–78 (2007). Here, Robinson has all but made Defendants' argument of truth for them since he does

not deny that he pasted civil lawsuit paperwork without a case or docket number on Robinson's door. Instead, he states that his conduct "did not qualify as harassment under Pennsylvania law." However, his conduct does qualify as harassment under Pennsylvania law because harassment includes conduct "which serves no legitimate purpose." 18 Pa. Stat. and Cons. Stat. Ann. § 2709 (West). As the papers with which Hutchinson was served were never actually filed, they served no legitimate purpose and Robinson was engaging in harassment. As such, Officer Wiegand's accusation was not defamatory in nature.

Further, Plaintiff does not allege in his Complaint that Officer Wiegand published his accusation, or that there was a recipient, or that its defamatory nature was understood by the recipient. Plaintiff also does not provide any facts in support of special harm to his reputation. *See Remick v. Manfredy*, 238 F.3d 248, 261 (3d Cir. 2001) ("Under Pennsylvania law, a statement is defamatory if it 'tends so to harm the reputation of another as to lower him in the estimation of the community or to deter third persons from associating or dealing with him.' Tucker v. Fischbein, 237 F.3d 275, 282 (3d Cir.2001)."). Accordingly, count I of Plaintiff's Complaint does not and cannot contain a claim of defamation upon which relief can be granted, and so the claim must be dismissed with prejudice.

### B. Malicious Prosecution

Count II of Plaintiff's Complaint contains a malicious prosecution claim. However, such a claim requires the (1) institution of proceedings against the plaintiff without probable cause and with malice, and (2) the proceedings were terminated in favor of the plaintiff. *Kelley v. Gen. Teamsters, Chauffeurs & Helpers, Loc. Union 249*, 518 Pa. 517, 520–21, (1988) (citing *Miller v. Pennsylvania R.R. Co.*, 371 Pa. 308, 313 (1952)). Further, malice "in the context of malicious prosecution is defined as either ill will in the sense of spite, lack of belief by the actor himself in

the propriety of the prosecution, or its use for an extraneous improper purpose." *Lee v. Mihalich*, 847 F.2d 66, 70 (3d Cir. 1988) (citing *Simpson v. Montgomery Ward & Co.*, 354 Pa. 87, 96 and *Ruffner v. Hooks*, 2 Pa. Superior Ct. 278, 282 (1896)).

Officer Wiegand had probable cause and was not motivated by malice when he accused Robinson of engaging in harassment given that Robinson served Hutchinson with papers lacking a case or docket number. Further, the record is devoid of whether Officer Wiegand's harassment citation was terminated in Plaintiff's favor. Accordingly, Plaintiff's claim of malicious prosecution lacks support and, given that amendment would be futile since he cannot succeed on the first prong of his claim, Count II of his Complaint must be dismissed with prejudice.

  **C.**  **Free Speech**

Count III of Plaintiff's Complaint alleges in part a violation Plaintiff's First Amendment right to free speech. To succeed on a First Amendment claim, Plaintiff must prove "that his conduct is deserving of first amendment protection and that the [government's] conduct of harassment was motivated by or substantially caused by his exercise of free speech." *Rattner v. Netburn*, 930 F.2d 204, 208 (2d Cir. 1991) (citing *Donahue v. Windsor Locks Board of Fire Commissioners,* 834 F.2d 54, 58 (2d Cir.1987)). Here, there is no free speech involved at all, since Officer Wiegand's accusation towards Plaintiff of harassment is based on his *conduct* of pasting a fake Complaint on Hutchinson's door. Even assuming for argument's sake that free speech was implicated in an ancillary matter, the First Amendment only protects against government action that "are of such a nature as to create a clear and present danger that they will bring about the substantive evils that Congress has a right to prevent." *Schenck v. United States*, 249 U.S. 47, 52 (1919). Accordingly, Plaintiff fails to state a free speech claim upon which relief

6

can be granted, and the claim must be dismissed. However, Plaintiff will be given leave to amend if he can do so in a manner consistent with the Federal Rules of Civil Procedure.

        **D.**         **Due Process**

Count III of Plaintiff's Complaint also alleges a violation of Plaintiff's Fourteenth Amendment right to substantive due process. Substantive due process protects individuals from arbitrary government action, and "only the most egregious official conduct can be said to be arbitrary in the constitutional sense." *Chainey v. St.*, 523 F.3d 200, 219 (3d Cir. 2008) (quoting *County of Sacramento v. Lewis,* 523 U.S. 833, 845-46 (1998)). For Plaintiff to recover on a substantive due process claim based on non-legislative action, he "must prove the particular interest at issue is protected by the substantive due process clause and the government's deprivation of that protected interest *shocks the conscience*." *Id.* (citing *United Artists Theatre Circuit, Inc. v. Twp. of Warrington*, 316 F.3d 392, 400–02 (3d Cir.2003) (emphasis added)). To succeed on a due process claim based on injury to reputation, as Plaintiff alleges here, he must pass the "stigma-plus" test and show a "stigma" to his reputation plus an infringement of a protected constitutional right or interest. *Paul v. Davis*, 424 U.S. 693, 701 (1976); *see Graham v. City of Philadelphia*, 402 F.3d 139, 142 (3d Cir. 2005). Plaintiff fails to prove either element of the "stigma-plus" test or that Officer Wiegand's conduct shocked the conscience. Accordingly, Plaintiff fails to state a due process claim upon which relief can be granted, and the claim must be dismissed. However, he will be given leave to amend.

        **E.**         **Equal Protection**

Count IV of Plaintiff's Complaint alleges a violation of Plaintiff's rights protected by Fourteenth Amendment's equal protection clause. However, the Third Circuit has already stated that it is "very unlikely that a claim that fails the substantive due process test will survive under

an equal protection approach." *Eichenlaub v. Twp. of Indiana*, 385 F.3d 274, 287 (3d Cir. 2004). For Plaintiff to recover, he would need to proceed under either a selective enforcement or "class of one" theory. To succeed on a selective enforcement claim, he would need to prove that he was persecuted whereas those similarly situated were not via selective treatment "on the basis of an unjustifiable standard, such as race, religion, or some other arbitrary factor." *United States v. Schoolcraft*, 879 F.2d 64, 68 (3d Cir. 1989) (citing *Government of Virgin Islands v. Harrigan*, 791 F.2d 34, 36 (3d Cir.1986)). To succeed on a "class of one" equal protection claim, Plaintiff would need to prove that he was "intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." *Hill v. Borough of Kutztown*, 455 F.3d 225, 239 (3d Cir. 2006) (citing *Village of Willowbrook v. Olech*, 528 U.S. 564 (2000) (per curiam)).

Here, Robinson cannot prevail on either theory. While he states in his Complaint that he was treated different from similarly situated individuals, he fails to allege *how* he was treated differently. He also fails to prove that Officer Wiegand's conduct was arbitrary or irrational. Accordingly, Count IV of Plaintiff's Complaint does not state a claim upon which relief can be granted, and Plaintiff's equal protection claim must be dismissed. Again, he will be given leave to amend if he can do so in compliance with the Federal Rules of Civil Procedure.

    F.    **East Lampeter Township Police Department**

Count V of Plaintiff's Complaint asserts a naked allegation against the East Lampeter Township Police Department for actions taken by Officer Wiegand. However, East Lampeter cannot be sued under Section 1983, and even if he sued an appropriate municipal entity, Plaintiff fails to allege any facts asserting a constitutional injury that resulted from the Township's policy

or lack of one. Accordingly, Plaintiff's claim against East Lampeter must be dismissed with prejudice.

## V.     CONCLUSION

For the foregoing reasons, Defendants' Motions to Dismiss are granted as to Plaintiff's defamation and malicious prosecution claims, which are dismissed with prejudice. Plaintiff's claim against the East Lampeter Township Police Department is also dismissed with prejudice because East Lampeter cannot be sued under Section 1983. Kevin Hutchinson and East Lampeter Township Police Department are therefore dismissed as defendants. The Court, however, grants Plaintiff leave to amend his free speech, due process, and equal protection claims against Officer Wiegand only.